UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9(11/9 HRG OFF)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6060 PSG (FFMx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | Edwin Ruano v. Sears Roebuck & Co. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order DENYING motion to remand

Before the Court is Plaintiff Edwin Ruano's motion to remand.  Dkt. #9.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court DENIES the motion.

I.    Background

Plaintiff is a purchaser of Defendant Sears Roebuck and Company's HVAC system. *Compl.* ¶5.  He alleges the HVAC system's price included a $195 "Installation Analysis," but no such analysis was ever performed by Defendant.  *Id.* ¶¶2, 12, 14.  He also alleges that the HVAC system's price included a $100 per light charge for the installation of UV lights in the system, but no such lights were ever installed by Defendant.  *Id.* ¶¶3, 12, 14.

Plaintiff filed a class action complaint on January 29, 2015 in the Superior Court for the County of Los Angeles on behalf of "[a]ll individuals in the State of California who, from four years preceding the filing of this Complaint, purchased an HVAC system, including installation, from Sears."  Dkt. 1, Ex. 1.  His complaint included four causes of action:  (1) "violation of consumer legal remedies act"; (2) "unfair and fraudulent business practices (Bus. & Prof Code §§ 17200, 17500 *et seq.*)"; (3) "unlawful business practices (Bus. & Prof Code §§ 17200, 17500 *et seq.*)"; and (4) "breach of implied warranty."  *See generally Compl.*

Defendant removed the case to this Court on August 10, 2015 pursuant to the Class Action Fairness Act of 2005 ("CAFA").  Dkt. #1.  On September 10, 2015, Plaintiff filed this motion to remand.  Dkt. #9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6060 PSG (FFMx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | Edwin Ruano v. Sears Roebuck & Co. | | |

II.    <u>Legal Standard</u>

     A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to remand the case to the state court from which it came if the district court lacks subject matter jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5 million; (2) any plaintiff class member is a citizen of a state different from any defendant; and (3) the number of plaintiffs in the putative class is at least 100. *See* 28 U.S.C. § 1332(d). "[N]o antiremoval presumption attends cases involving CAFA." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).

     A defendant generally must remove a case to federal court within thirty days of receiving the complaint. *See* 28 U.S.C. §§ 1446(b)(1), 1453(b); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014). If the case stated by the initial pleading, however, is not removable, a notice of removal may be filed within 30 days after "receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To determine whether either thirty-day clock is triggered, "defendants need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) (rejecting the imposition of "an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint"). These two thirty-day periods are not the exclusive periods to remove; provided that neither is triggered, a defendant may remove at any time based on the results of its own investigations. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

     Under CAFA, the burden of establishing removal jurisdiction remains on the party seeking removal. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). If the plaintiff challenges the amount in controversy, the defendant must submit summary-judgment-style evidence establishing the amount by preponderance of the evidence. *Id.* Plaintiffs can also submit evidence in opposition, *see id.* at 1198, but there is no requirement that they do so, *see Townsend v. Brinderson Corp.*, No. CV 14-5320 FMO (RZx),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6060 PSG (FFMx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | Edwin Ruano v. Sears Roebuck & Co. | | |

2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890 GHK (JCx), 2015 WL 2452755, at *2 (C.D. Cal. May 21, 2015).

III.     Discussion

  A.     Timeliness

Defendant removed this case more than six months after Plaintiff filed his complaint in state court. Defendant contends that this was timely because he removed within thirty days of learning that minimal diversity existed. *Opp.* 6–7. For the reasons discussed below, the Court agrees.[1]

CAFA requires "minimal diversity"; that is, at least one putative class member has to be a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007). In his Complaint, Plaintiff states that he resides in Los Angeles, California, and brought the case on behalf of all individuals in the state of California who purchased an HVAC system from Defendant. *Compl.* ¶¶1, 5, 10, 20. The Complaint does not, however, allege the citizenship of any member of the class. *Opp.* 6. On July 16, 2015, Defendant received Plaintiff's "Responses for Request for Admission Set One." *Simon Decl.* ¶4. In these responses, Plaintiff admitted that he was neither a citizen of nor domiciled in New York or Illinois. *Simon Decl.*, Ex. A ["Resp. Req. Admit] at 4–5. Defendant removed within thirty days of receiving these admissions, stating that minimal diversity was established because Defendant is a citizen of New York and Illinois. *Notice of Removal* ("*NOR*") 3, 5–6.

Plaintiff argues that Defendant's removal was untimely because Defendant should have known that a putative class that includes thousands of people who purchased HVAC systems in California would include at least one California citizen. *Mot.* 5–6. The Court disagrees. Citizenship is established by domicile, not residency. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). The thirty-day clock does not start ticking because Defendant could guess or speculate that a class of California residents would include California citizens. *See Kuxhausen*, 707 F.3d at 1140; *Harris*, 425 F.3d at 692–98. Defendant, moreover, could not have removed based on the allegations in the Complaint alone, even if it were highly likely that

---

[1] Because Defendant timely removed within thirty days of determining Plaintiff's citizenship, the Court need not address Defendant's alternative argument that no thirty-day period was ever triggered because all pleadings and papers have been indeterminate regarding the amount in controversy. *See Opp.* 5–6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6060 PSG (FFMx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | Edwin Ruano v. Sears Roebuck & Co. | | |

at least one person was a citizen of California. *See Kanter*, 265 F.3d at 857–58 (approving of remand where the complaint alleged residency, but not citizenship); *cf. Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883–86 (9th Cir. 2013) (reversing a remand under the local controversy exception because, although it was very likely that a putative class composed of persons who purchased a car to be registered in California included two-thirds California citizens, the district court did not make any factual findings about citizenship).

The Court therefore finds that Defendant's removal was timely.

B.      Amount in Controversy

Because Plaintiff challenges the amount in controversy, Defendant must submit summary-judgment-style evidence establishing the amount in controversy by preponderance of the evidence for removal to be proper. *Ibarra*, 775 F.3d at 1197–98. In its NOR, Defendant stated that the amount in controversy was in excess of the $5 million CAFA minimum. *NOR* 5. Defendant based this on the declaration of Alfred W. Nyman Jr., the director of Licensing, Compliance, and Regulatory Affairs for Sears Home Improvement Products Inc. *Id.*; *Nyman Decl.* ¶1. Nyman stated that he had knowledge of Defendant's records pertaining to the sale and installation of HVAC systems, and based on the allegations in Plaintiff's complaint, a refund of the full price of all HVAC systems sold and installed in California from 2011 to the present "is estimated to be substantially in excess of $10 million." *Nyman Decl.* ¶¶2–3. The declaration, however, does not include any actual data supporting this assertion. *See generally Nyman Decl.* Plaintiff argues that the Nyman declaration fails to establish the amount in controversy because it (a) is not limited to HVAC systems that were assessed the installation and U.V. lights charges; and (b) includes no facts supporting its assertions. *Mot.* 2–5.

Defendant's amount-in-controversy calculation must be based on allegations in the complaint, submitted factual evidence, and/or reasonable assumptions. *See Ibarra*, 775 F.3d at 1197. Defendant contends that the Complaint requests a full refund for all HVAC systems sold to and installed for California residents from 2011 to the present, so the amount in controversy is calculated by adding the full price of all such HVAC systems together. *Mot.* 7–8. Plaintiff, in contrast, suggests that the proper calculation "would include the number of units sold, including installations, that also had the charges for 'Installation Analysis' and 'U.V. Lights' included." *Mot.* 4–5. Put another way, Plaintiff believes that the amount in controversy is solely the refund price of HVAC systems that included charges for installation analysis and U.V. lights.

The Court agrees with Defendant that Plaintiff reads the Complaint too narrowly. Although the gravamen of Plaintiff's Complaint is that charges for Installation Analysis and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6060 PSG (FFMx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | Edwin Ruano v. Sears Roebuck & Co. | | |

U.V. lights were improperly assessed during installment, *see generally Compl.*, the Court believes that the Complaint's language potentially reaches further conduct. For example, the putative class includes all individuals who purchased (and had installed) HVAC systems in California, but nothing limits the putative class to those who were improperly assessed a specific fee. *See Compl.* ¶20. Similarly, the Complaint's causes of action could be read to cover defects in the marketing, sale, and installation of HVAC systems beyond the installation analysis and U.V. light charges. Defendant cites to the Fourth Cause of Action (Breach of Implied Warranty), which states "The Sears HVAC System, including installation, is not suitable for the purpose for which it was sold. The defects in the Sears HVAC System, including installation, existed prior to the delivery of the product to Plaintiff and the putative class members." *Opp.* 8 (quoting *Compl.* ¶¶68–70). Other than incorporating all prior paragraphs, nothing in this cause of action specifically limits applicability or recovery to those who were assessed installation analysis or U.V. light charges. The Court therefore finds that Defendant properly interpreted the Complaint to cover any HVAC system sold to and installed for California residents from 2011 to present.

The Court also does not believe that the lack of supporting factual evidence dooms the Nyman declaration. A declaration from a person with knowledge of the relevant data is clearly an appropriate form of evidence, *see Ibarra*, 775 F.3d at 1197 ("The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (internal quotation marks omitted)); *see, e.g.*, *Amaya v. Consol. Container Co.*, LP, No. 215CV03369 SVWPLA, 2015 WL 4574909, at *2 (C.D. Cal. July 28, 2015); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *3 (C.D. Cal. Jan. 7, 2015), and Plaintiff does not contest that Nyman has knowledge of Defendant's sales records. Thus, Nyman is capable of attesting to the HVAC units sold and installed, as well as the prices of those units.

Plaintiff nonetheless challenges the declaration because Nyman only states the combined value of all HVACs sold; he does not specifically identify the quantities or prices. *Mot.* 4–5. As Plaintiff notes, courts have found declarations insufficient when the court has reason to question the accuracy of their assumptions or their calculations of the amount in controversy. For example, Plaintiff cites to *Brandon v. C.H. Robinson Co. Inc.*, in which a declaration attesting to putative class members' likely work schedules was insufficient because it lacked foundation for its conclusion that class members likely worked 40–50 hours per week. No. 2:14-CV-966-GEB-DAD, 2014 WL 2624995, at *3 (E.D. Cal. June 12, 2014). Plaintiff also cites to *Lyddy v. World of Jeans & Tops*, in which a declaration was found insufficient because the court disagreed with the declarant's identification of the variables used for the amount in controversy. No. 11CV2658 JM NLS, 2012 WL 760570, at *3 (S.D. Cal. Mar. 7, 2012). Here, in contrast, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6060 PSG (FFMx) | Date | November 5, 2015 |
|---|---|---|---|
| Title | Edwin Ruano v. Sears Roebuck & Co. | | |

Court believes that Nyman has identified the proper variables for the amount in controversy (price and number of HVAC units sold), and is not concerned that Nyman is making factually unsupported assumptions or assertions. *Cf. Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771–72 (11th Cir. 2010) ("The complaint itself alleges a class of more than 300 prospective purchasers and that a 'ministerial determination' from Kolter's records would reveal the identity of those who provided deposits. Having access to those records, Clarke performed the ministerial determination that the complaint called for."). Defendant could certainly have provided more data to back up the Nyman declaration, but the Court is aware of no authority that requires a declaration to include specific figures.[2]

Finally, the Court must determine whether Defendant has established the amount in controversy by a preponderance of the evidence. The Nyman declaration states that an analysis of Defendant's business records suggests that the amount in controversy is substantially higher than $5 million. Other than the above challenges to the Nyman declaration, Plaintiff offers no evidence suggesting that the amount in controversy is lower than $5 million. *See Unutoa v. Interstate Hotels & Resorts, Inc.*, No. CV 14-9809 SVW (PJ), 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) (noting, in the context of assumptions about labor code violation rates, that "Plaintiff fails to assert any different rate of violation or to submit any evidence indicating a contrary rate of violation"). The Court therefore finds that Defendant has properly established the amount in controversy.

IV. Conclusion

The Court DENIES the motion to remand.

**IT IS SO ORDERED.**

---

[2] The Court notes that defendants run a risk by providing sparse declarations. For example, if the Court had agreed with Plaintiff's interpretation of the complaint, it would have remanded the case because the Court would have been unable to calculate the amount in controversy limited to HVAC units assessed an improper fee.